IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB,<br>85 Second Street, 2nd Floor<br>San Francisco, CA 94105,<br><br>        Plaintiff,<br><br>v.<br><br>STEPHEN L. JOHNSON, in his official<br>capacity as Administrator,<br>United States Environmental Protection<br>Agency<br>Ariel Rios Building<br>1200 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20460<br><br>        Defendant. | Civil Action No. 1:07CV00414 (RWR) |

**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## INTRODUCTION

1. This is a civil action for declaratory and injunctive relief, with costs and fees, under the Clean Air Act ("the Act" or "CAA"), 42 U.S.C. §§ 7401, *et seq.*

2. Sierra Club seeks an order requiring the Defendant, the Administrator of the Environmental Protection Agency ("Administrator"), to perform his non-discretionary duty to grant or deny a petition submitted by the Sierra Club to the Administrator pursuant to CAA § 505(b)(2), 42 U.S.C. §§ 7661d(b)(2).

3. On August 15, 2006, Sierra Club petitioned the Administrator, pursuant to CAA § 505(b)(2) and 40 C.F.R.§ 70.8(d) to object to a proposed CAA Title V Operating Permit for the Hugh L. Spurlock Station operated by the East Kentucky Power Cooperative, Inc. (Permit No. V-06-007, I.D. No. 21-161-00009) ("the Petition").

4. On August 25, 2006, the United States Environmental Protection Agency ("U.S. EPA") responded by letter stating that it had received the petition, that it was "currently reviewing [Sierra Club's] request that EPA object to the issuance of a title V operating permit...," and that "EPA will promptly send [Sierra Club] the Administrator's final Order responding to your petition upon its issuance."

5. Pursuant to CAA § 505(b)(2), 42 U.S.C. § 7661d(b)(2), the Administrator was required to grant or deny the Petition within 60 days.

6. More than 60 days has passed since the Petition was filed with the Administrator.

7. To date, the Administrator has taken no action on the Petition.

## **PARTIES**

8. Plaintiff SIERRA CLUB is an incorporated, not-for-profit organization that has its headquarters at 85 Second Street, 2nd Floor, San Francisco, California. Its purpose is to preserve, protect, and enhance the natural environment. Sierra Club has over 800,000 members nationwide, including in Kentucky.

9. Sierra Club's members live, work, and recreate in areas impacted by the Hugh L. Spurlock power plant. Sierra Club's members breathe, use, and enjoy the ambient air in areas impacted by the plant. Their health and use of the air is impaired by the pollution in the air

caused by the plant. Sierra Club's members are directly harmed by the Administrator's delay in responding to the Petition.

10.  Additionally, Sierra Club and its members would further participate in the public processes provided for by Congress in the Clean Air Act if the Administrator would timely respond to the Petition. For example, Sierra Club and its members have the right to petition for judicial review of the Administrator's final decision and to enforce the final permit terms once issued. The Administrator's failure to respond to the Petition negatively affects Sierra Club's procedural rights under the CAA.

11.  Further still, the permit at issue should require additional pollution monitoring, recordkeeping, and reporting. Sierra Club regularly reviews such monitoring, recordkeeping, and reporting and has specific plans to review the monitoring, recordkeeping, and reporting for the Hugh L. Spurlock power plant once the Administrator objects to the permits and requires the necessary additional monitoring, reporting and recordkeeping. The Administrator's failure to timely respond to the Petition injures Sierra Club because Sierra Club does not have access to all required monitoring, recordkeeping and reporting that will be required once the Administrator responds to the Petition.

12.  Defendant STEPHEN L. JOHNSON is the Administrator of the U.S. EPA. The Administrator is responsible for directing the activities of the U.S. EPA and implementing the requirements of the CAA. Specifically, the Administrator is statutorily required to respond to petitions under CAA § 505(b)(2), 42 U.S.C. § 7661d(b)(2).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to 42 U.S.C. § 7604(a), 28 U.S.C. § 1331, and 28 U.S.C. § 2201. The relief requested by the Plaintiffs is authorized by statute in 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 7604.

14. The Defendant resides, in his official capacity, within the District of Columbia. In addition, a substantial portion of the events or omissions giving rise to the claim occurred in the District of Columbia. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)

## NOTICE

15. Sierra Club gave notice pursuant to and in compliance with the requirements in CAA § 304(b)(2), 42 U.S.C. § 7604(b)(2), and 40 C.F.R. Part 54. Sierra Club notified the Administrator of its intent to file this action through an October 24, 2006, Notice of Intent to Sue Letter.

16. The Notice of Intent was sent, via certified mail, to all required recipients and postmarked on October 24, 2006.

17. On December 7, 2006, in a letter to Sierra Club's counsel, the U.S. EPA acknowledged receipt of Sierra Club's Notice of Intent to File Suit Letter.

18. More than 60 days have passed since Sierra Club provided its Notice of Intent to File Suit to the Administrator and others.

19.     The Defendant has neither granted nor denied Sierra Club's petition at issue. Thus, the Defendant's failure to perform his nondiscretionary duty to grant or deny Sierra Club's petition is ongoing and will continue until enjoined and restrained by this Court.

## COUNT 1

20.     On or about March 29, 2006, Sierra Club submitted timely public comments regarding the Hugh L. Spurlock operating permit to the Kentucky Environmental and Public Protection Cabinet, Department for Environmental Protection, Division of Air Quality ("DAQ").

21.     DAQ submitted the proposed Title V Operating Permit for the Hugh L. Spurlock Station to the U.S. EPA on or about June 12, 2006. This submission commenced a 45-day period for the EPA to review the permit pursuant to CAA § 505(b)(1), 42 U.S.C. § 7661d(b)(1).

22.     The Administrator did not object to the proposed operating permit for Hugh L. Spurlock Station within the 45-day period provided by CAA § 505(b)(1), 42 U.S.C. § 7661d(b)(1).

23.     On August 15, 2006, within the 60-day petition period provided by CAA § 505(b)(2), 42 U.S.C. § 7661d(b)(2), Sierra Club petitioned the Administrator to object to the permit.

24.     Sierra Club provided a copy of their petition to the applicant, pursuant to CAA § 505(b)(2), 42 U.S.C. § 7661d(b)(2).

25.     Pursuant to CAA § 505(b), the Administrator had 60 days to grant or deny the Sierra Club's petition. This 60-day period expired on or about October 14, 2006.

26.     The Administrator's duty to grant or deny Sierra Club's petition within 60 days is not discretionary.

27. As of the date of this Complaint, the Administrator has not granted or denied Sierra Club's petition as to the Hugh L. Spurlock Station permit.

28. The CAA provides Sierra Club with a cause of action to compel the Administrator's non-discretionary duty to grant or deny Sierra Club's timely petition in CAA § 304(a), 42 U.S.C. § 7604(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sierra Club respectfully prays for this Court to:

A. Declare that the Administrator has a non-discretionary duty to grant or deny Sierra Club's petition within 60 days of such petition;

B. Declare that the Administrator's failure to grant or deny Sierra Club's petition within 60 days is a violation of CAA § 505(b), 42 U.S.C. § 7661d(b);

C. Order the Administrator to grant or deny the Sierra Club's petition by a date certain;

D. Award the Sierra Club costs of litigation, including attorney fees, pursuant to CAA § 304(d), 42 U.S.C. § 7604(d);

E. Retain jurisdiction over this action to ensure compliance with the Court's Order; and

F. Grant such other relief as is just and proper.

Respectfully submitted,

GARVEY MCNEIL & MCGILLIVRAY, S.C.

David C. Bender
(D.C. Dist. Ct. Bar No. WI)
634 W. Main Street, Suite 101
Madison, WI 53703
Tel. 608.256.1003
Fax. 608.256.0933
bender@gmmattorneys.com


Robert Ukeiley (MD14062)
Law Office of Robert Ukeiley
435R Chestnut Street, Suite 1
Berea, KY 40403
Tel: (859) 986-5402
Fax: (866) 618-1017
E-mail: rukeiley@igc.org

Counsel for Plaintiff

DATED: April 11, 2007