UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civ. No. 1:07CV00414 (RWR) |
| v. ) | |
| ) | **FILED** |
| STEPHEN L. JOHNSON, in his official ) | |
| capacity as Administrator, United States ) | OCT 2 5 2007 |
| Environmental Protection Agency, ) | |
| ) | NANCY MAYER WHITTINGTON, CLERK |
| Defendant. ) | U.S. DISTRICT COURT |
| ) | |

**CONSENT DECREE**

WHEREAS, Plaintiff Sierra Club filed this action pursuant to section 304(a)(2) of the Clean Air Act ("CAA"), 42 U.S.C. § 7604(a)(2), alleging that Defendant Stephen L. Johnson, in his official capacity as Administrator, United States Environmental Protection Agency ("EPA"), failed to perform a non-discretionary duty under CAA § 505(b)(2), 42 U.S.C. §§ 7661d(b)(2), to grant or deny a petition submitted by the Sierra Club requesting that EPA object to a CAA permit issued by appropriate state agencies to the Hugh L. Spurlock Station ("Spurlock") operated by the East Kentucky Power Cooperative, Inc.;

WHEREAS, Plaintiff and EPA (collectively "the Parties") wish to effect a settlement of the above-captioned matter without expensive and protracted litigation;

WHEREAS, the Parties consider this Decree to be an adequate and equitable resolution of the claims in the above-captioned matter;

WHEREAS, the Court, by entering this Decree, finds that the Decree is fair, reasonable, in

the public interest, and consistent with the CAA, 42 U.S.C. §§ 7401 et seq.;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of the Parties, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. Because EPA took final action on Plaintiff's CAA Title V petition on the Spurlock Operating Permit (Permit No. V-06-007, I.D. No. 21-161-00009) ("Permit") on August 30, 2007, Plaintiff's claim for relief with respect to that petition is dismissed as moot except as to the issue of costs of litigation, including attorneys' fees.

2. EPA delivered notice of the final action on the Permit to the Office of the Federal Register on October 1, 2007. EPA shall not take any step (other than as necessary to correct within 10 business days after submittal any typographical or other errors in form) to delay or otherwise interfere with publication of such notice in the Federal Register.

3. Any provision of this Decree may be modified by (a) written stipulation of the Parties with notice to the Court, or (b) by the Court following motion of any party to this Decree, pursuant to the Federal Rules of Civil Procedure, and upon consideration of any response by the non-moving party.

4. Plaintiff and EPA shall not challenge the terms of this Decree or this Court's jurisdiction to enter and enforce this Decree. Upon entry, no party shall challenge the terms of this Decree.

5. The deadline for filing a motion for costs of litigation (including attorneys' fees) for activities performed prior to execution of this Decree is hereby extended until 60 days after the Decree is entered by the Court. During this 60-day period, the Parties shall seek to resolve

informally any claim for costs of litigation (including attorneys' fees), and, if they cannot, will submit that issue to the Court for resolution. Nothing in this paragraph shall be construed as an admission or concession by EPA that Plaintiffs are entitled to or eligible for recovery of any costs or attorneys' fees.

6.   Nothing in this Decree shall be construed to limit or modify any discretion accorded EPA by the CAA or by general principles of administrative law in taking the actions which are the subject of this Decree, including discretion to alter, amend, or revise any responses or final actions contemplated by this Decree. EPA's obligation to perform the actions specified in Paragraph 1 by the time specified therein does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

7.   Nothing in this Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim or defense, on any grounds, related to any final action EPA may take with respect to the Permit.

8.   Nothing in this Decree shall be construed to confer upon the district court jurisdiction to review any final decision made by EPA pursuant to this Decree. Nothing in this Decree shall be construed to confer upon the district court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Court of Appeals pursuant to CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1). Nothing in the terms of this Decree shall be construed to waive any remedies or defenses the Parties may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1).

9.   The obligations imposed upon EPA under this Decree can only be undertaken using appropriated funds. No provision of this Decree shall be interpreted as or constitute a

commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable statute.

10. Any notices required or provided for by this Decree shall be made in writing, via facsimile or other means and sent to the following:

For Plaintiffs:

David C. Bender
Garvey McNeil & McGillivray, S.C.
634 W. Main Street, Suite 101
Madison, WI 53703
Fax: (608) 256-0933

Robert Ukeiley
Law Office of Robert Ukeiley
435R Chestnut Street, Suite 1
Berea, KS 40403
Fax: (866) 618-1017

For Defendants:

Mary Whittle
United States Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3896
Fax: (202) 514-8865

11. In the event of a dispute between the Parties concerning the interpretation or implementation of any aspect of this Decree, the disputing Party shall provide the other Party with a written notice outlining the nature of the dispute and requesting informal negotiations. If the Parties cannot reach an agreed-upon resolution within ten (10) business days after receipt of the notice, any party may move the Court to resolve the dispute.

12. The Court shall retain jurisdiction to determine and effect compliance with this

Decree. When EPA's obligations under Paragraph 1 have been completed and the Plaintiff's claims for costs of litigation have been resolved pursuant to the process described in Paragraph 4, the above-captioned matter shall be dismissed with prejudice. The Parties shall file the appropriate notice with the Court so that the Clerk may close the file.

13. The undersigned representatives of each Party certify that they are fully authorized by the Party they represent to bind that Party to the terms of this Decree.

SO ORDERED on this 24th day of October, 2007.

_____
THE HON. RICHARD W. ROBERTS
UNITED STATES DISTRICT JUDGE

SO AGREED:

FOR PLAINTIFFS

/s/ David Bender
_____
DAVID C. BENDER
Garvey, McNeil, & McGillivray, S.C.
634 W. Main Street, Suite 101
Madison, WI 53703
Tel: (608) 256-1003
Fax: (608) 256-0933
bender@gmmattorneys.com

ROBERT UKEILEY
Law Office of Robert Ukeiley
435R Chestnut Street
Berea, KY 40403
Tel: (859) 986-5402
Fax:: (866) 618-1017
rukeiley@igc.org

DATED: October 24, 2007

FOR DEFENDANT                    RONALD J. TENPAS
                                 Acting Assistant Attorney General
                                 Environment & Natural Resources Division

                                 /s/ Mary Whittle
                                 _____
                                 MARY WHITTLE
                                 Trial Attorney
                                 United States Department of Justice
                                 Environmental Defense Section
                                 P.O. Box 23986
                                 Washington, D.C. 20026-3986
                                 Tel: (202) 514-0286
                                 Fax: (202) 514-8865
                                 mary.whittle@usdoj.gov

                                 DATED: October 24, 2007